The Honorable Barbara King State Representative 106 Tulip Circle Helena, AR 72342
Dear Representative King:
You have requested an Attorney General opinion in response to the following question:
 Can the mayor of a first class city be recalled?
I assume that in using the term "recall," you are referring to a special election that is held for the purpose of determining whether an elected mayor should be removed from office.
It is my opinion that the answer to this question will depend upon the form of government under which the city in question operates.
Cities that operate under either the city manager form of government or the city administrator form of government are specifically authorized to hold elections to recall their mayors. See A.C.A. § 14-47-112 (providing for the recall of directors — one of whom is the mayor chosen by the other directors, see A.C.A. § 14-47-116, in cities organized under the city manager form of government); A.C.A. § 14-48-114 (providing for the recall of both mayor and directors in cities organized under the city administrator form of government).
State law does not provide for the recall method of removing elected mayors from office in cities organized under the mayor-council form of government. Rather, state law provides for the removal of elected officials in those cities by means of the procedure that is set forth in A.C.A. § 14-42-109,[1] which states:
14-42-109. Removal of elective or appointed officers.
 (a)(1)(A) If the mayor or police judge, member of the city council, or any other elective officer of any city of the first class or second class or incorporated town in this state shall willfully and knowingly fail, refuse, or neglect to execute, or cause to be executed, any of the laws or ordinances within their jurisdiction, they shall be deemed guilty of nonfeasance in office.
 (B)(i) It shall be the duty of the circuit court of any county within which any officer may be commissioned and acting, upon indictment charging any such officer with nonfeasance in office, to hear and determine the charges.
 (ii) If upon hearing the charges are proved to be true, the court shall enter a judgment of record removing the guilty officer from office.
 (2) The council of any city or incorporated town may provide, by proper ordinance, for the removal of any appointive officer upon a majority vote of the council.
 (b)(1) Upon the entering of judgment as provided in subsection (a)(1) of this section, the office of mayor or police judge shall become vacant.
 (2)(A) It shall be the duty of the clerk of the circuit court to immediately make out and deliver to the Governor a true and certified copy of the judgment.
 (B) Thereupon, it shall be the duty of the Governor to at once appoint and commission a mayor or police judge for the city or town to fill the vacancy until his successor is elected at the next regular election and qualified.
 (c) Any mayor or police judge so removed from office shall have the right of appeal to the Supreme Court of the state. However, no appeal shall have the effect of suspending the judgment of removal of the circuit court. If the judgment is reversed, it shall have the effect of reinstating the officer to his office.
A.C.A. § 14-42-109.
Under the plain language of the foregoing procedure, mayors in cities of the first class that are organized under the mayor-council form of government can only be removed from office by an order of the circuit court, based upon a finding of non-feasance in office. State law does not provide for the removal of mayors in such cities by recall election.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SBA/cyh
[1] This means of removal appears to be available to cities organized under the city manager and the city administrator forms of government as well.